OLSON *v.* VILLAGE OF MANISTIQUE.

EXPERT WITNESSES—CREDIBILITY—QUESTION FOR JURY.

   The jury are not bound to accept as true the opinions of experts upon a particular point when opposed to the testimony of witnesses claiming to have actual knowledge of the facts. So *held* where, in an action for personal injuries alleged to have been caused by a fall upon a defective sidewalk, several physicians testified that the disability existed previous to the accident, and that the only effect thereof was an aggravation of the former condition, while the plaintiff and other witnesses gave plain and unequivocal testimony to the contrary.

Error to Schoolcraft; Steere, J. Submitted October 9, 1896. Decided November 17, 1896.

Case by Fanny Olson against the village of Manistique for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Affirmed.

*V. I. Hixson* and *C. W. Dunton,* for appellant.

*Walsh & Pardee,* for appellee.

LONG, C. J. This case was brought by the plaintiff to recover for an alleged injury claimed to have been caused by falling upon a defective sidewalk within the limits of the defendant village. It is claimed that the walk in question was in an unsafe condition, and that the plaintiff, while walking upon it in company with her husband, stumbled and fell, by reason of one end of a broken or unfastened board rising and moving, leaving an opening into which she slipped and fell; that thereby plaintiff received and sustained serious and permanent injuries, alleged to be "metritis, or inflammation of the womb and ap-

pendages, falling of the womb, and pelvic inflammation."
The case was defended principally upon the theory that the
walk in question was maintained in a reasonably safe and
proper condition; that the same had been examined on
the morning of the day of the accident by an inspector of
the village, and found to be in good repair; and that the
injuries sustained by the plaintiff were, at most, an aggra-
vation of a previous existing condition, and that the
plaintiff, previous to the time of receiving the fall, was
afflicted with the condition alleged in the declaration
to have resulted from the fall. The declaration alleged a
new and resulting injury, and made no claim of any
aggravation of a previous diseased condition. Plaintiff
recovered.

The defendant claims:

1. That the court erred in charging the jury as fol-
lows: "You have heard the testimony of these physi-
cians, who have given evidence upon that point, and
testified as experts, giving opinions. That class of testi-
mony is proper and competent concerning matters in-
volving special knowledge or skill or experience upon
some subject which is not within the realm of the ordi-
nary experience of mankind, and which requires special
research and study to understand. The law allows those
skilled in that special branch to express opinions, and,
upon a hypothetical state of facts stated to them, to say
whether or not, according to their experience and research,
a fact may or may not exist. But, nevertheless, while
their opinions are allowed to be given, it is entirely within
the province of the jury to say what weight shall be
given to them. Jurors are not bound by the testimony of
experts. Their testimony is to be canvassed as that of
any other witness. Just as far as their testimony appeals
to your judgment, and convinces you of its truth, you
should adopt it; but the mere fact that witnesses are
called as experts, and give opinions upon a particular
point, does not necessarily obligate the jury to accept
their opinions as to what the facts are, in the face of the
testimony of witnesses claiming to have actual knowledge
of the facts."

2. That the court erred in charging the jury as follows: "You are the judges of the credibility of these witnesses, not only of the plaintiff and those representing the defendant, but also of the expert witnesses and all the witnesses who have testified. You are not bound by the testimony of the expert witnesses any more than by the testimony of any other witness. You should not disregard their testimony without cause, but you are the judges of the credibility of all the witnesses, including the experts who have been sworn."

3. That the court erred in refusing to charge the jury as follows: "You are instructed that the plaintiff has failed to make out a case, and your verdict must be for the defendant."

4. That the court erred in refusing to grant defendant's motion for a new trial, on the ground that the answer of the jury to defendant's special question was against the manifest weight of all the evidence.

It is contended that by this charge the court instructed the jury that they were not bound by the testimony of the experts. We think the charge, as a whole, is not open to this objection, and that it was warranted by the testimony given in the case. The plaintiff testified that she was not afflicted with this trouble before her injury by the fall upon the sidewalk. By her testimony, it appears that she was a strong woman, with a family, and keeping two boarders, doing all the work for the family. She was corroborated by her husband and others. It appears, therefore, that the testimony of the physicians (the experts) was contradicted by the plain and unequivocal testimony of the plaintiff and her witnesses. She was in a position to know whether she was so afflicted before this injury, and the jury had a right to take that testimony into consideration in determining the question whether the trouble from which she was suffering was the result of the injury by the fall, or if it existed before that time. The physician who examined her after the fall was asked if the injury which he found upon such examination could have been caused by a violent fall forward on

the sidewalk, and he stated that it could.    The extent to which the charge goes is that the jury were not bound by the testimony of the experts, but that their testimony was to be canvassed as that of any other witness; that the jury were not obliged to take their testimony as to what the facts were, in the face of testimony of witnesses claiming to have actual knowledge of the facts.

Defendant asked the jury to find upon the following question: "Was the plaintiff, prior to the alleged injury, on May 28, 1894, afflicted with metritis, or inflammation of the womb and appendages, falling of the womb, and pelvic inflammation?" The jury answered this question in the negative. It is now claimed that their finding was not supported by the evidence. We have already stated what the plaintiff testified to, and what she called other witnesses to show. The answer was supported by that evidence; and we cannot say from this record that the jury had no testimony upon which to base their finding.

In answer to the fourth objection, we have already stated what the plaintiff's evidence was upon the question of the previous injury. Upon that question the case was properly submitted to the jury, and the court very properly refused to disturb the verdict.

We also find sufficient evidence in support of the plaintiff's contention in other respects that warranted the submission of the case to the jury, and that the court was not in error in refusing a new trial.

The judgment must be affirmed.

The other Justices concurred.