*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JULIE ANN FLYNN,

        Defendant-Appellant.

UNPUBLISHED
August 20, 2020

No. 346668
Macomb Circuit Court
LC No. 2017-002784-FC

Before: RONAYNE KRAUSE, P.J., and SAWYER and BOONSTRA, JJ.

RONAYNE KRAUSE, P.J. (*concurring*)

I reluctantly concur with the majority. I find it difficult to imagine a more clear-cut case of legal insanity, but this Court may not interfere with a jury's verdict so long as there is evidence in the record to support it without resorting to speculation. *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883); *People v Bailey*, 451 Mich 657, 673-675, 681-682; 549 NW2d 325 (1996). The jury is simply not obligated to accept an expert's testimony; even if, as was the case here, that testimony is unrebutted. *Olson v Village of Manistique*, 110 Mich 656, 657-659; 68 NW 986 (1896); *People v Gray*, 57 Mich App 289, 296; 225 NW2d 733 (1975). Furthermore, this Court is bound to follow decisions from our Supreme Court. *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45 (2010).

I write separately because I am concerned that *People v Carpenter*, 464 Mich 223; 627 NW2d 276 (2001), may no longer reflect a state-of-the-art understanding of mental illness or the devastating effect of imprisoning mentally ill individuals. I recognize that "insanity" is to some extent controlled by the Legislature. However, our Supreme Court relied in part on what was then regarded as a "moral judgment of the culpability of the accused." *Id.* at 236-237. Subsequent scientific, medical, neurological, and psychological developments and discoveries have, over the past two decades, shed considerable new light on our ability to make truly objective determinations of individuals' mental capabilities. In light of those advances, I question whether a "bright line test" can still be considered constitutional. This Court is powerless to address defendant's argument that *Carpenter* infringes upon the rights of mentally ill individuals to present a meaningful defense consistent with up-to-date scientific and medical understandings of mental

illness.  However, I believe that, almost twenty years later, there may be merit to revisiting *Carpenter*.  I respectfully urge our Supreme Court to do so.

/s/ Amy Ronayne Krause